UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 9:19-cv-81512

NADEL DIAZ VALDEZ,

    Plaintiff,

v.

MEDICREDIT, INC, and JFK MEDICAL CENTER
LIMITED PARTNERSHIP,

    Defendant.

_____/

## JOINT DISCOVERY PLAN & SCHEDULING REPORT

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1.B of the United States District Court for the Southern District of Florida, by and through the undersigned counsel, Plaintiff NADEL DIAZ VALDEZ and Defendants MEDICREDIT, INC, and JFK MEDICAL CENTER LIMITED PARTNERSHIP (collectively, the "Parties"), file this Joint Scheduling Report.

**MATTERS PURSUANT TO PRETRIAL SCHEDULING ORDER D.E. 5. NOT OTHERWISE ADDRESSED ELSEWHERE IN THIS REPORT**

**1. Individuals Plaintiff Intends to Depose**

At this time, Plaintiff intends to depose: (1) the corporate representative of Defendant Medicredit, Inc.; (2) the corporate representative of Defendant JFK Medical Center Limited Partnership; and (3) the records custodian for each Defendant for the documents sought by Plaintiff in discovery.

**2. Individuals Defendant(s) Intend to Depose**

At this time, Defendant anticipates deposing Plaintiff Nadel Diaz Valdez.

3. **Plaintiff's Valuation of the Case**

Plaintiff is seeking, and is otherwise entitled to, statutory damages of up to $1,000.00 from Defendant MediCredit, Inc., pursuant to 15 U.S.C. § 1692k, for violating the FDCPA as

set forth in *Count I*, statutory damages of up to $1,000.00 from Defendant MediCredit, Inc., pursuant to Fla. Stat. § 559.77(2), for violating the FCCPA as set forth in *Count II*, statutory damages of up to $1,000.00 from Defendant JFK Medical Center Limited Partnership, pursuant to Fla. Stat. § 559.77(2), for violating the FCCPA as set forth in *Count III*, and costs and reasonable attorneys' fees, as per as per 15 U.S.C. § 1692k, for the prosecution of *Count I*, and costs and attorneys' fees, as per Fla. Stat. § 559.77(2), for the prosecution of *Count II* and *Count III*.

3. **Defendant(s)' Valuation of the Case**

   Plaintiff has alleged that JFK Medical Center Limited Partnership and Medicredit, Inc., improperly billed him for what he claims to be work related injuries. There is no evidence that the treatment for Acute Cholecystitis was related to a work-related injury, and as a result, the Defendant's believe Plaintiff is not entitled to recover any monetary damages, costs or attorneys' fees.

**FED. R. CIV. P. 26(F)(3) DISCOVERY PLAN**

1) **What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made**:

   The Parties do not believe any changes should be made to required disclosures. The parties agree to serve initial disclosure by **12-27-2019.**

2) **The subjects on when discovery may be needed, when discovery should be completed, and when discovery should be conducted in phases or be limited to or focused on particular issues**:

   The Parties anticipate taking discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

   The Parties do not believe discovery should be conducted in phases or limited to particular issues, as contemporaneous discovery of all the issues raised in the pleadings will best serve judicial economic, minimize costs, and expedite the litigation of this matter.

3) **Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced**:

    The Parties expect to conduct discovery of electronically store information. The Parties will produce documents in paper or Adobe .PDF format. The Parties do not believe there are any reasonable alternatives to obtaining discovery of electronically stored information.

    Plaintiff expects to obtain information and documentation relating to the transaction between Plaintiff and Defendant JFK Medical Center Limited Partnership that gave rise to the underlying debt, the communication(s) between Defendants relating to the collection of the underlying debt, the information and documentation maintained by Defendant Medicredit, Inc. as required by Florida Administrative Code Rule 69V-180.080. Due to the nature of the information and documents sought, and the ease of access to which both Defendants must have to said information and documentation is high and the costs related thereto low, if not zero.

    Defendants expect that Plaintiff will have no evidence to support his allegations.

4) **Any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production– whether to ask the court to include their agreement in an order**:

    The Parties agree that the inadvertent disclosure of information protected by the attorney-client and/or work-product privilege shall not constitute a waiver of an otherwise valid claim of privilege. A party that receives privileged information shall return it to the other party immediately upon discovery of the privileged information and without retaining a copy. The parties will comply with the Court's rules governing redaction of account and social security numbers. If a protective order becomes necessary, the Parties shall work collectively to present a proposed order to the Court.

5) **What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed**:

    At this time, the Parties do not anticipate changes to the limitations to discovery. The parties reserve their rights to amend this response as necessary.

6) **Any other orders the court should issue under Rule 26(c) or Rules 16(b) and (c)**:

    None.

## LOCAL RULE 16.1(B)(2) CONFERENCE REPORT

1. **The likelihood of settlement**:

    The Parties have agreed to keep settlement discussions open.

2. **The likelihood of appearance in the action of additional parties**:

   The Parties currently do not anticipate the appearance of any additional plaintiffs, defendants, or any otherwise interested parties.

3. **Proposed limits on the time**:

   At this time, the Parties do not anticipate having any need to deviate from the Pretrial Schedule set by this Court. *See* D.E. 5 at 4-5.

4. **Proposals for the formulation and simplifications of issues**:

   The Parties agree to cooperate in trying to simplify the issues through discovery.

5. **The necessity or desirability of amendments to the pleadings**:

   At this time, Plaintiff does not anticipate amending the pleadings; however, to the next necessary, any motion(s) to amend will be filed within the time frame set forth above.

6. **The possibility of obtaining admissions of fact and documents to avoid unnecessary proof**:

   The Parties will attempt, in good faith, to obtain admissions of fact, make appropriate stipulations, and exchange documents which will avoid unnecessary proof in this action. The Parties will work to agree on authentication of relevant documents and reserving arguments as to interpretation of such documents, specifically, to documents which originated from each of the Parties and/or their respective representatives and/or employees. At this time, there is no need for any advance rulings with respect to admissibility of evidence.

7. **Suggestions of the avoidance of unnecessary proof and cumulative evidence**:

   The Parties, where possible and in good faith, shall attempt to streamline the presentation of evidence to advance the case to trial, and to minimize the duration of the proposed trial, as to those facts and evidence where there is no dispute.

8. **Suggestions on the advisability of referring matters to a Magistrate Judge or Master**:

   The Parties agree to refer the entirety of this action to a Magistrate Judge. The Parties will submit the requisite form following this Report.

9. **Preliminary estimate of the time required for trial**:

   The Parties believe that trial will take 1-2 days.

10. **Requested dates for conferences before trial, a final pretrial conference and trial**:

    The Parties proposed the following dates:
    (1) Final pretrial conference: **10-02-2020**.
    (2) Two-week Trial Period: **10-05-2020**.

11. **Any other information that might be helpful to the Court**:

    Consent to Service by Email: Pursuant to Fed. R. Civ. P. 5(b)(2)(E), the parties agree that discovery papers and other papers not required to be filed and served through the Court's CM/ECF system may be served by email through counsel.


DATED:     December 11, 2019

Respectfully Submitted,

| | |
|---|---|
| /s/ Jibrael S. Hindi | /s/ Naomi Massave Berry |
| **JIBRAEL S. HINDI, ESQ.** | **NAOMI MASSAVE BERRY, ESQ.** |
| Florida Bar No.: 118259 | Florida Bar No.: 69916 |
| E-mail:jibrael@jibraellaw.com | E-mail: nberry@carltonfields.com |
| **THOMAS J. PATTI, ESQ.** | Carlton Fields, P.A. |
| Florida Bar No.: 118377 | 100 S.E. Second St |
| E-mail:tom@jibraellaw.com | Suite 4200 |
| The Law Offices of Jibrael S. Hindi | Miami, FL 33131 |
| 110 SE 6th Street, Suite 1744 | Phone:(305) 539-7210 |
| Fort Lauderdale, Florida 33301 | Fax: 305-530-0055 |
| Phone: 954-907-1136 | *COUNSEL FOR DEFENSE* |
| Fax:    855-529-9540 | |
| *COUNSEL FOR PLAINTIFF* | |