UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-81512-Civ-Brannon

NADEL DIAZ VALDEZ,

    Plaintiff,
v.

MEDICREDIT, INC., and
JFK MEDICAL CENTER,

    Defendants.
_____/

## ORDER SETTING JURY TRIAL BEFORE U.S. MAGISTRATE JUDGE AND AMENDED PRETRIAL SCHEDULING ORDER

THIS CAUSE is before the Court following a telephonic status conference after which the parties' submitted a jointly proposed schedule [DE 21] regarding the course of this case going forward. Being fully advised, the Court ORDERS as follows:

1.     **Trial:**  This case shall be **set for a three (3) day jury trial before U.S. Magistrate Judge Dave Lee Brannon, commencing at 9:30 a.m. on Monday, January 4, 2021.  A Status Conference will be held at 1:30 p.m. on Wednesday, December 30, 2020** at U.S. District Court, 701 Clematis Street, Fourth Floor, Courtroom Three, West Palm Beach, Florida.  All counsel must appear in person at the status conference.  For the parties' reference, the Court's general policies and procedures are available at http://www.flsd.uscourts.gov/content/judge-dave-lee-brannon.

2.     **Pretrial Discovery and Conference:**  Pretrial discovery shall be conducted in accordance with S.D. Fla. L.R. 16.1 and 26.1, and the Federal Rules of Civil Procedure.  The parties shall also review and abide by this Court's standing discovery procedure, as set forth by separate order [DE 19].  No pretrial conference shall be held in this action, unless the parties so

1

request or the Court determines, *sua sponte*, that a pretrial conference is necessary. Should a pretrial conference be set, the deadlines set forth in this Order shall remain unaltered.

3. **Pretrial Stipulation:** Counsel must meet at least 45 days before trial to confer on the preparation of a Joint Pretrial Stipulation. The Joint Pretrial Stipulation shall be filed by the date set forth below and shall conform to S.D. Fla. L.R. 16.1(e). The Court will not accept unilateral pretrial stipulations, and will *sua sponte* strike any such submissions. Should any of the parties fail to cooperate in preparing the Joint Pretrial Stipulation, all other parties shall file a certification with the Court stating the circumstances. Upon receipt of such certification, the Court will issue an order requiring the non-cooperating party or parties to show cause why such party or parties (and their respective attorneys) should not be held in contempt for failure to comply with the Court's order. The pretrial disclosures and objections required under Fed. R. Civ. P. 26(a)(3) should be served, but not filed with the Clerk's Office, as the same information is required to be attached to the parties' Joint Pretrial Stipulation.

4. **Proposed *Voir Dire* Questions:** At least one week prior to trial, the parties shall submit their proposed *voir dire* questions in Word format via email to brannon@flsd.uscourts.gov.

5. **Proposed Jury Instructions and Verdict Form:** The parties shall prepare and file A SINGLE JOINT SET of proposed jury instructions (if this is a jury trial) and verdict form, though the parties need not agree on the proposed language of each instruction or question on the verdict form. Where the parties do agree on a proposed instruction or question, that instruction or question shall be set forth in Times New Roman 14 point typeface. Instructions and questions proposed only by the Plaintiff(s) to which the Defendant(s) object shall be italicized. Instructions and questions proposed only by Defendant(s) to which Plaintiff(s) object shall be bold-faced. Each jury instruction shall be typed on a separate page and, except for Eleventh Circuit Pattern

instructions clearly identified as such, must be supported by citations to authority. In preparing the requested jury instructions, the parties shall use as a guide the Pattern Jury Instructions for civil cases approved by the Eleventh Circuit, including the directions to counsel contained therein. A copy of the proposed jury instructions and verdict form shall be submitted to the Court in Word format via email to brannon@flsd.uscourts.gov prior to the status conference.

6. **Witness and Exhibit Lists:** On the day of the status conference, counsel shall submit to the Court <u>five</u> typed lists of proposed witnesses and exhibits. Plaintiff's exhibits shall be identified in numerical order, whereas Defendant's exhibits shall be identified in alphabetical order. All exhibits must be pre-marked in accordance with the exhibit list. The exhibit list shall set forth the number or letter, and description of each exhibit. The exhibit list shall conform to Form AO 187, which is available at http://www.uscourts.gov/sites/default/files/ao187.pdf.

7. **Motions to Continue Trial:** A Motion to Continue Trial shall not stay the requirement for the filing of a Pretrial Stipulation and, unless an emergency situation arises, such Motion will not be considered unless it is filed at least 20 days before the trial is scheduled to commence.

8. **Pretrial Schedule:** The parties shall adhere to the following pretrial schedule, which shall not be modified absent compelling circumstances.

| | |
|---|---|
| January 10, 2020 | Joinder of additional parties, motions for conditional certification, and motions to amend pleadings shall be filed. |
| May 4, 2020 | Plaintiff shall provide opposing counsel with a written list of the names and addresses of all expert witnesses intended to be called at trial and only those expert witnesses listed shall be permitted to testify. Plaintiff shall also furnish opposing counsel with expert reports or summaries of its expert witnesses' anticipated testimony in accordance with Fed. R. Civ. P. 26(a)(2). Within the 30-day period following this disclosure, Plaintiff shall make its experts available for deposition by Defendants. The experts' deposition may be conducted without further Court order. |

| | |
|---|---|
| June 1, 2020 | Defendants shall provide opposing counsel with a written list with the names and addresses of all expert witnesses intended to be called at trial and only those expert witnesses listed shall be permitted to testify. Defendants shall also furnish opposing counsel with expert reports or summaries of its expert witnesses' anticipated testimony in accordance with Fed. R. Civ. P. 26(a)(2). Within the 30-day period following this disclosure, Defendants shall make their experts available for deposition by Plaintiff. The experts' deposition may be conducted without further Court order. |
| June 29, 2020 | Parties shall exchange written lists containing the names and addresses of all witnesses intended to be called at trial and only those witnesses listed shall be permitted to testify. |
| August 14, 2020 | All discovery (fact and expert) shall be completed. |
| September 18, 2020 | All dispositive pretrial motions—including summary judgment motions, *Daubert* motions, and motions *in limine*—shall be filed. |
| October 28, 2020 | Mediation/settlement conference must be completed. |
| December 4, 2020 | Joint Pretrial Stipulation shall be filed. |
| December 14, 2020 | Designations of deposition testimony shall be made. Parties shall also exchange Rule 26(a)(3) witness and exhibit lists. |
| December 21, 2020 | Objections to designations of deposition testimony shall be filed. Late designations shall not be admissible absent exigent circumstances. |
| December 28, 2020 | Jury Instructions with proposed verdict forms shall be filed. Proposed voir dire questions shall be submitted. |

9. **<u>Mediation/Settlement Conference:</u>** Under Local Rule 16.2, this case is referred to mediation as follows:

> a. The parties must complete mediation or a settlement conference **by October 28, 2020.**
>
> b. Any request to have a settlement conference in lieu of mediation shall be directed to the Chambers of U.S. Magistrate Judge William Matthewman by calling (561) 803-3440 within 60 days of this Order with at least three proposed conference dates.  U.S. Magistrate Judge Matthewman will thereafter issue an order setting forth the date, time, place, and procedures for the settlement conference.

    c.    Otherwise, Plaintiff's counsel, or other designated counsel, shall schedule a mediation. The parties are encouraged to use the services of any mediator on the List of Certified Mediators, maintained in the office of the Clerk of the Court, but may select any other mediator. The parties shall agree upon a mediator and schedule a time, date, and place for mediation. The Court must be notified of the date of Mediation within 60 days of this Order. If there is no agreement, lead counsel shall promptly file a Request for Clerk to Appoint Mediator. The Clerk of the Court shall then designate, on a blind rotation basis, a mediator from the List of Certified Mediators. If the parties cannot mutually agree to a place, date, and time for the mediation, they may move the Court for an order dictating the place, date, and time.

    d.    The appearance of counsel and each party or representatives of each party with full authority to enter into a full and complete compromise and settlement is mandatory. If insurance is involved, an adjuster with authority to settle up to the policy limits or the most recent demand, whichever is lower, shall attend.

    e.    The Court may impose sanctions against parties or counsel who do not comply with the attendance or settlement authority requirements. The mediator shall report non-attendance and may recommend imposition of sanctions by the Court for non-attendance.

    f.    If the parties elect to proceed to mediation but no complete settlement is reached, they may request a settlement conference later in the proceedings.

10. **Notice of Settlement:** If the case is settled, counsel shall promptly inform the Court by calling the undersigned's chambers at (561) 803-3470 and, within 10 days of notification of settlement to the Court, submit an appropriate notice of dismissal, pursuant to Fed. R. Civ. P. 41(a). The parties shall attend all hearings and abide by all deadlines unless and until an order of dismissal is filed.

11. **Non-compliance with This Order:** Non-compliance with any provision of this Order may subject the offending party to sanctions or dismissal. It is the duty of all counsel to enforce the timetable set forth herein in order to ensure an expeditious resolution of this cause.

5

**DONE AND ORDERED** in Chambers at West Palm Beach in the Southern District of Florida, this 9th day of January, 2020.

                                                DAVE LEE BRANNON
                                                U.S. MAGISTRATE JUDGE